

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

12-18-2008

# USA v. Lisa Phillip

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-4303

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"USA v. Lisa Phillip" (2008). *2008 Decisions.* Paper 75.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/75

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 07-4303

UNITED STATES OF AMERICA

v.

LISA PHILLIP,

Appellant

On Appeal from the United States District Court
for the Middle District of Pennsylvania
District Court  No. 07-cr-00107
District Judge: The Honorable Edwin M. Kosik

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
December 12, 2008

Before: MCKEE, SMITH, and ROTH, *Circuit Judges*

(Filed: December 18, 2008)

OPINION

SMITH, *Circuit Judge.*

On March 12, 2007, a one count information was filed in the United States District

Court for the Middle District of Pennsylvania charging Lisa Philip and Carl Johnson with conspiring to defraud the United States in violation of 18 U.S.C. § 371. The information alleged that Philip and Johnson, the father of her children, failed to report income received while they were participating in a rental assistance program administration by the United States Department of Housing and Urban Development. The applications they completed in order to participate in the program required that they report all income. Yet they failed to report either Johnson's income, or the approximate "$500 per month in rental income derived from a house owned in the name of [their] daughter."

During a thorough change of plea hearing, Philip pleaded guilty to the information. She admitted she knew about both Johnson's earnings and the rental income. At sentencing, the District Court imposed a two year period of probation and ordered that Philip make restitution totalling $15,473.00.

Philip appealed.[1] Philip's defense counsel moved to withdraw pursuant to *Anders v. California*, 386 U.S. 738 (1967). In *Anders*, the Supreme Court stated that the "constitutional requirement of substantial equality and fair process" means that appellate counsel must act as an advocate for the defendant. 386 U.S. at 744. Thus, counsel's

> role as advocate requires that he support his client's appeal to the best of his ability. Of course, if counsel finds his case to be wholly frivolous, after a conscientious examination of it, he should so advise the court and request permission to withdraw. That request must, however, be accompanied by a

---

[1]The District Court had jurisdiction pursuant to 18 U.S.C. § 3231. We exercise appellate jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).

2

brief referring to anything in the record that might arguably support the appeal.

*Id.* The *Anders* brief, as we explained in *United States v. Youla*, 241 F.3d 296, 300 (3d Cir. 2001), must demonstrate that counsel has "thoroughly examined the record in search of appealable issues," and it must "explain why the issues are frivolous." Accordingly, our inquiry is twofold: (1) whether counsel adequately fulfilled the requirements of *Anders*; and (2) "whether an independent review of the record presents any nonfrivolous issues." *Id.* (citing *United States v. Marvin*, 211 F.3d 778, 780 (3d Cir. 2000)); *see also Anders*, 386 U.S. at 744 (explaining that the court must proceed, "after a full examination of all the proceedings, to decide whether the case is wholly frivolous").

Philip's counsel has identified the only bases for appeal in light of Philip's guilty plea: (1) an attack upon the validity of her guilty plea; and (2) a challenge to the reasonableness of her probationary sentence. *See United States v. Broce*, 488 U.S. 563, 570-75 (1989). Counsel explained that the record supported the District Court's finding that she knowingly and voluntarily entered a plea of guilty. In addition, counsel pointed out that Philip admitted during the plea colloquy that she knew about the income earned by Johnson and from the rental property when she completed the forms to participate in the rental assistance program. With regard to the reasonableness of her probationary sentence, counsel asserts that she received the most lenient of sentences and that there is no basis for her challenge.

We agree that these issues are frivolous. The District Court's plea colloquy

3

complied with the mandates of Federal Rule of Criminal Procedure 11(b) and *Boykin v. Alabama*, 395 U.S. 238 (1969). Inasmuch as Philip admitted she knew about the income she failed to report, there is a factual basis for the plea of guilty. Nor is there any basis for disturbing the District Court's probationary sentence, which was imposed after the District Court considered the factors set forth in 18 U.S.C. § 3553(a).

We recognize that Philip has taken advantage of the opportunity to file an informal brief as permitted by our Local Appellate Rule 109.2(b). She contests that there is evidence to prove her guilt. She also asserts that her counsel erred by failing to adduce other evidence to support her innocence. As we noted above, however, the guilty plea colloquy established a factual basis for her plea, particularly in light of her acknowledgment that the rental income "went into the household."

We conclude that counsel adequately fulfilled the requirements of *Anders*. Because our own independent review of the record fails to reveal any nonfrivolous issues for appeal, we will grant counsel's motion to withdraw and affirm the judgment of the District Court entered on October 29, 2007. We certify that the issues presented in the appeal lack legal merit and thus do not require the filing of a petition for writ of certiorari with the Supreme Court. 3d Cir. LAR 109.2(b).